CHANCERY.

## Bently vs. Gregory &c.

Case 77.

Error to the Washington circuit; Wm. L. KELLY, Judge.

*Parties in chancery. Revivor. Process. Error. Practice in this Court.*

June 14.

Judge OWSLEY delivered the Opinion of the Court.

Judgment at law by Pile.

As assignee of Leroy Gregory, to whom Bently and his surety, Conover, executed a note for $72 50 cents, Benjamin Pile brought suit upon the note, and recovered judgment at law. The note is dated the 11th of Oct. 1822, and was assigned by Gregory to Pile, the 25th January, 1823.

Bill for injunction against the judgment rendered against principal and surety, brought by principal only.

To be relieved against the judgment, Bently exhibited his bill in equity, with injunction, making Pile and Gregory defendants thereto, and suggesting that Conover was no otherwise interested than as his surety in the note upon which judgment was recovered at law, and omitting to make him a party.

Allegations of the bill for set-off.

The bill alleges Gregory to be insolvent; charges him to have been owing Bently by note, prior to his assignment to Pile, and is still owing a much larger amount than that mentioned in the assigned note to Pile, and prays for the debt so owing by Gregory, to be applied by way of set off to the satisfaction of the judgment recovered by Pile, and for general relief.

Pile and Gregory each answered the bill, but the contents of their answers need not be particularly noticed.

Death of Pile, the plaintiff in the judgment, and no revivor.

Pile afterwards died, and an order was made by the court reviving the suit against his administrator, but there does not appear to have been any service of the order of revival on the administrator of Pile, nor does he appear to have done any thing in the preparation or management of the cause.

Decree dismissing the bill.

The cause was however heard, and a decree made dismissing the bill, and dissolving the injunction, with damages and cost.

Decree disapproved on the merits.

The decree is doubtless erroneous. The merits of the case are decisively in favor of the complain-

ant, and we should have no hesitation, not only to reverse the decree, but also to remand the cause to the court below, for a decree to be there entered perpetuating the injunction against the judgment at law, if there existed no irregularity in the preparation of the cause for hearing.

Entertaining, however, as we do, the opinion that the cause was not in a proper state of preparation for a final hearing upon the merits, it would be premature now to give peremptory directions as to the ultimate disposition of the case upon the merits.

The irregularity which we understand to exist in the preparation, does not consist in the failure of the complainant to make Conover a party to the suit. Conover is but the surety of Bentley in the note upon which the judgment at law was recovered, and it has been repeatedly held, and, we apprehend, correctly, that without making the surety a party, the principal may, by bill in equity, assert any equity which he may have against the demand for which he and his surety are bound at law.

The irregularity consists in the complainant not causing a copy of the order to be served upon the administrator of Pile, after the order of revival was made by the court, and before the cause was heard upon the merits. As Pile had answered the bill before his death, no bill of revivor was necessary to revive the suit against his administrator; but according to the express directions of the act of the legislature upon that subject, a copy of the order should have been served upon the administrator before the cause was heard upon the merits, without appearance by him.

The decree must be reversed, with cost, and the cause remanded to the circuit court; but as the administrator of Pile is now before this court, it will be unnecessary for a copy of the order reviving the suit to be served upon him after the cause returns to that court. The administrator should, however, on the return of the cause to the court below, be allowed, under the discretion of that court, reasona-

---

BENTLEY vs. GREGORY &c.

Practice in this court.

It is not necessary, in a bill by the principal defendant in a judgment at law for injunction, that the surety be made a party.

Where a defendant dies after answer, the bill may be revived against his representatives by an order of court, but the representatives must be served with a copy of the order.

A party who appears in this court, shall be considered before the circuit court, upon the return of the cause.

BENTLEY
vs.
GREGORY&c. ble time to prepare and make his defence to the merits of the contest.

Turner and Monroe for plaintiffs; Triplett for defendants.